Wheelee, J.
Applications for now trials are addressed to the discretion of the court, governed by certain legal rales. Subject to those rales, the judge to whom the application is addressed must decide as his own sense of justice shall dictate upon the circumstances of such case. It is impossible to prescribe rales which shall afford a certain guide for the determination of every case ; and where the law does not furnish a rule the application must of necessity be addressed to the discretion of the presiding judge. Having presided at the trial, having seen the witnesses and heard them testify, his means of judging of the correctness of the verdict and the propriety of granting a new trial are superior to those afforded the appellate court by a mere statement of the. evidence in the record. Hence, in revising the judgment of the District Court refusing a new trial, it has been the uniform practice of this court not to reverse the judgment unless it clearly appears that the party applying has brought his application within those rules which entitled him to a new trial as a matter of' law. Tlie inquiry has been, not whether, upon the evidence in the rec- *169 orcl, it .apparently might have been proper to grant the application in the particular ease, but whether the refusal of it has involved the violation of a clear legal right or a manifest abuse of judicial discretion.
Note 66. — Shaw v. The State, 27 T., 760.
In the case before ns the new evidence is circumstantial, and is by no means-of a conclusive character and tendency. All that can be claimed for it is that it would add other circumstances to those adduced in evidence upon the trial, tending in some degree to support the defense relied on. But the truth of the disputed fact, that is, the soundness of the negro at the time of the purchase, would be left still doubtful. Whereas, to authorize a reversal of the judgment refusing the new trial, the new evidence, being merely circumstantial, ought to-be of a conclusive tendency, or at least it ought very satisfactorily to establish the fact it is proposed to prove. Such, it is conceived, is not the character of the new evidence on which the present application is founded. It is at least doubtful whether a new trial ought to have been awarded, and that doubt is decisive against a reversal of the judgment. It must therefore be affirmed.
Judgment affirmed.