THE HOUSTON AND TEXAS CENTRAL RAILWAY COMPANY v. JOSEPH FORSYTH.

1. ORDER REFUSING MOTION FOR NEW TRIAL REVISED.—It must be regarded as a settled rule of practice in this court to revise the action of the District Court, overruling motions for new trial, asked because of newly-discovered testimony, where the same, considered in connection with the facts developed on the trial, is clearly material to the issue, and might produce a different result on another trial, when the testimony came to the knowledge of the applicant after the trial, and without negligence on his part in not sooner discovering it, and when such testimony is not of a character for which courts, by well-established practice, do not in general grant new trials.

2. MOTION FOR NEW TRIAL ON ACCOUNT OF NEWLY-DISCOVERED EVIDENCE.— See motion held strictly to comply with the rules granting new trials on newly-discovered testimony.

3. MATERIAL TESTIMONY.—Where plaintiff recovered damages for injuries done him, based upon his own testimony, in part, as to the cause and manner of the injury suffered, testimony of his declarations, materially different from his testimony, and newly discovered, is material.

4. PRACTICE IN MOTIONS FOR NEW TRIAL.—The court will not consider physical facts, not judicially known or developed in the testimony, as reasons for disbelieving an affidavit verifying testimony alleged as newly discovered, and urged to support a motion for a new trial.

5. SAME—COUNTER-AFFIDAVITS.—A motion for new trial, based on newly-discovered testimony, may be met by affidavits satisfactorily impeaching the credibility of the witness relied on to testify to the alleged newly-discovered facts.

6. CUMULATIVE TESTIMONY is additional testimony of the same kind to the same point. It is not cumulative when it is of a different character, and merely tends to prove a former proposition, in issue by the testimony, by proof of a new and distinct fact.

7. SAME.—Where no admissions or declarations of a party plaintiff, suing for personal damages, have been admitted, new testimony, giving his declarations as to the manner in which the injury was inflicted, different from his testimony as given on the trial on that point, are not cumulative.

8. SAME.—While a new trial will not be granted upon evidence to impeach or contradict a witness, yet objection does not lie to testimony to a new fact, the effect of which is to contradict or lessen the credit of opposing witnesses.

APPEAL from Harris.   Tried below before the Hon. James Masterson.

This is an action for damages, brought by Forsyth against the appellant, for the recovery of $23,000, because of personal injury received by him when in appellant's employment, in the capacity of a brakeman on one of its trains.   Appellant is alleged to be duly chartered by the laws of Texas, and the cause of the injuries is charged to be the want of a drawbar to the engine, and the want of bumpers to the cars that he endeavored to couple to said engine; these attachments being necessary to said car and engine to make a coupling with, and which the appellant had negligently failed to provide. And it was also alleged that the defective condition of the track also contributed to the injury of appellee, which appellant had negligently failed to repair, all of which defects in machinery and tracks, it is alleged, were unknown to appellee, and that he was injured without fault on his part.

Appellant filed general demurrer and denial.   Verdict and judgment in behalf of appellee for $4,000.

Touching the accident, the material testimony is as follows: The plaintiff Forsyth testified, in his own behalf, "that while he was in the act of attempting to couple a box-car to the tender, he was mashed between the tender and the box-car, by reason of there being no drawbar on the tender, and no bumpers on the box-car."

Witness McCormick, the engineer, testified: "I was backing, as usual at the time, and had coupled two box-cars to the tender, when I saw the plaintiff get on the tender.   I supposed he was looking for a pin or link;—those things were usually kept on the tender.   When I first saw him he was on the side of the tender.   My attention was first called to Forsyth when he called to me, 'You have shut off my wind.'   Next I heard him call out, 'You have shut off my wind.'   I looked and saw him standing on the drawhead, as I thought, at the end of the tender, and between it and the box-car that was coupled to the tender.   When standing on

the bumper or drawhead, the rim of the tender flares out,—
would be some three and a half or four feet above his feet."

In support of motion for new trial, the following affidavits
were read:

William R. Baker, the acting president of the defendant
corporation, deposed:

"It is a part of his official business to see to the defense
and prosecution of suits by and against defendant. That he
had made a diligent inquiry as to the facts in the defense of
this suit, and ascertained that the plaintiff and P. McCormick
were the only ones that saw the happening of the accident
which produced the injury complained of, as the testimony
on the trial shows; and up to the time of the trial of this
cause, the defendant, nor affiant, nor any of defendant's offi-
cers, so far as affiant knows or has reason to believe, had
ever heard, nor had they reason to believe, that the plaintiff,
at any time after receiving the injuries complained of and
before instituting this suit, had made any admissions in re-
gard to the cause of his injuries, and the manner in which,
and the circumstances under which, the accident occurred
inconsistent with his statements as made by him on the wit-
ness stand in his own behalf. The witness for defendant,
Joshua Spaulding, was introduced for the special and only
purpose of proving the condition of the defendant's road-bed
and track at the place where and when the accident and in-
jury complained of is alleged to have occurred, and to dis-
prove or rebut the plaintiff's allegations in regard to the
defective condition of said road at that time and place, and
he was selected for this purpose, because he was then, and
had been for some time next prior thereto, road-master on
and over that part of defendant's road, and it was his busi-
ness to examine the road frequently, and keep it in good
repair, and for this reason he had better opportunities than
any other for knowing its true condition, and this its officers
and agents well knew.

"That prior to the trial this affiant had inquired of said

Spaulding how the accident occurred, but was told by the witness, as he testified on the trial, that he did not see it occur, but did not then, nor had he before informed affiant, or any of defendant's other officers, so far as affiant knows or believes, that the plaintiff had told him how it had occurred within three or four days after it happened. But at the trial of this cause said Spaulding was present, and heard McCormick testify as to his knowledge or observation of the facts connected with said accident and injury; and after the trial of said cause had closed, the said Spalding, then, for the first time, informed affiant that he had listened to the testimony of said McCormick on the trial, and that 'McCormick's version of the occurrence, as stated by him on the witness stand, was just as the plaintiff himself told Spaulding it occurred within three days after it happened.

"Affiant here refers to the sworn statement of said Spaulding, in corroboration of what he told affiant, and stating with greater certainty and precision what the plaintiff said to him upon that subject, that the court may see the same and judge of its materiality and importance to the issues tried. Defendant did not know, nor did affiant, or any of the defendant's officers or agents know, so far as this affiant knows or has reason to believe, that such proof could be made by any one, and most certainly they did not know and had no reason to believe that such proof could be made by the said Spaulding, who testified on the trial that he did not see the occurrence complained of; but if defendant had known, or affiant had had any reason to believe, that such proof could have been made by said Spaulding, the same would have been brought out when he was on the witness stand on the trial of the cause.

"Defendant has used due diligence, and all diligence in exhausting by inquiry every resource known or suspected from which information might be expected, calculated to place this cause before a jury upon the full facts of the occurrence."

The above testimony of Spaulding is material, and could

come to the defendant's knowledge only by the voluntary
statement of Spaulding, and is of a nature and character, as
the court will see from reading it, that could not reasonably
be anticipated or suspected in preparing for the defense, or
in the examination of said Spaulding when on the witness
stand. Defendant says this testimony has been discovered
since the trial of this cause, and is material to the defense,
and neither the defendant nor its officers knew of any other
person by whom the same facts could be proved. That said
Spaulding resides in Robertson county, Texas, and said testi-
mony can be procured from him on another trial of this cause;
and this motion for a new trial is not made for the purpose of
delay, but that justice may be done. Affiant further says,
"that this additional reason for a new trial has been delayed
filing, in order that the sworn statement of said Spaulding
might be procured, which has been procured only to-day."

Joshua Spaulding, who resides at Bremond, in the county
of Robertson, in the State of Texas, being duly sworn under
oath, deposed: "I am now, and was at the time the plaintiff
Forsyth says he received the injury complained of, the road-
master on that division of the defendant's railway on which
the plaintiff alleges he received the injury. I was at the
time in the town of Bremond, and was within fifty yards
from the place where it was said to have occurred, but I did
not see it occur. I saw the plaintiff Forsyth immediately
after it was said to have occurred, but I heard no com-
plaints from him. I know that he did not stop over, but
went on with his train, going northward, that same day.
Three or four days after he claimed to have been hurt, I saw
him in Corsicana. He was then stopping over, and seemed
to be some ailing, and he attracted my attention, and I asked
him what was the matter with him. He replied, he had been
squeezed. I immediately asked him when?—how? He said
at Bremond, the day that McCormick got off the track; that
he was standing on the bumper on the end of the tender,
reaching over and feeling down in the tender with his hands

for a link or pin, (I don't remember which,) when the engine backed up and caught him between the tender and the box car which was attached to it. I immediately said to him it was his own carelessness—he had no business there. To this he replied, he thought he would be all right in a day or two.

"I had been asked before the trial of this case, by some person whose name I don't know, who was hunting up the testimony for the defendant, what I knew about this case. I was also asked by W. R. Baker the same question, to which I always replied: I was not there (meaning the place) and did not see it. I did not know what Forsyth told me was material to the case, and I don't remember ever having spoken to any person about what he said to me until after the trial of the case. After the trial, I met up with Mr. W. R. Baker, and we were talking over the case, when I said to Mr. Baker: I heard McCormick's statement on the stand, and it was just as Forsyth told me it occurred, when I saw him in Corsicana within three or four days after he said he was hurt. From what Forsyth told me at Corsicana as to how it occurred, I would have stated just about what McCormick stated."

Motion for new trial was overruled, and defendant appealed.

*George Goldthwaite*, for appellant.

I. The newly-discovered evidence disclosed in the affidavits upon which the new trial is asked, is not merely cumulative: it is the statement, declaration, or admission of the party, and is new and original evidence. Had declarations and admissions of the plaintiff, as to how the injury was received, been in evidence, then, and in that case, the newly-discovered evidence, consisting of declarations and admissions, would be cumulative; not otherwise. (Waller v. Graves, 20 Conn., 311; Gray v. Harrison, 1 Nev., 509; Aiken v. Bemis, 3 Wood. & Min., 356; Gardner v. Mitchell, 6 Pick., 114; Parker v. Hardy, 24 Pick., 246; Hill on New Trials,

sec. 17, p. 384; Oakley v. Scars, 1 Robert., (N. Y.,) 78; 63 Me., 228.)

II. When the newly-discovered evidence is the admissions or declarations of the party, and material, of a nature to control the case, counter-affidavits should be filed denying them. This is the practice. (Parker v. Hardy, 24 Pick., 246; Williams v. Baldwin, 18 Johns., 489; Flemming v. Hollenback, 7 Barb., 276; Merk v. Gelzhaeuser, 50 Cal., p. 632; Hill. on New Trials, 1st ed., secs. 41, 396; Grah. & Watt. on New Trials, 10.68; Aiken v. Bemis, 3 Wood. & Min., 356; Conradt v. Sixbee, 21 Wis., 388.)

III. It is abundantly shown that appellant used all reasonable diligence in preparing the case for trial. (Cannon v. Kinney, 3 Harr., 73.)

*Likens & Stewart,* for appellee.

I. A new trial will not be granted on the grounds of newly-discovered testimony, that is merely cumulative of that given on the trial had. (Madden v. Shapard, 3 Tex., 49; Sweeny v. Jarvis, 6 Tex., 41; Latham v. Selkirk, 11 Tex., 321; Pinkard v. Pinkard, 14 Tex., 357; Harrell v. Hill, 15 Tex., 272; 1 Grah. & Wat. on New Trials, 3d ed., p. 486.)

II. A new trial will not be granted on the grounds of newly-discovered testimony, when the object or effect of such testimony will be to contradict or impeach the credit of a witness who testified on the trial. (Scranton v. Tilley, 16 Tex., 193; 1 Grah. & Wat. on New Trials, 2d ed., p. 465; McIntire v. Young, 6 Blackf., 496; 2 Denio, 109; 11 Barb., (N. Y.,) 215.)

III. A new trial will not be granted upon the ground of newly-discovered evidence, unless it be made to appear that it was not owing to a want of diligence that it was not sooner obtained. (Madden v. Shapard, 3 Tex., 49; Watts v. Johnson, 4 Tex., 311; Land v. Miller, 7 Tex., 463; Ables v. Donley, 8 Tex., 331; Harrell v. Hill, 15 Tex., 270.)

MOORE, ASSOCIATE JUSTICE.—The only proposition insisted upon by appellant for the reversal of this judgment, is that the court erred in overruling the application for a new trial, sought for in the court below, on the ground of newly-discovered evidence.

It must be admitted that greater deference should be given in an appellate tribunal to the action of the lower court on a motion of this kind, than on an application for a continuance; both of which, no doubt, are, in a degree, necessarily addressed to the discretion of the court in which they are made. But while this is the case, it is well settled, that the right to a new trial on this ground is not exclusively within the discretion of the court of the first instance; and it must now be regarded as a settled rule of practice in this court, to revise the action of the District Court overruling the motion, where the newly-discovered evidence, when considered in connection with the facts developed on the trial, is clearly material to the issue, and might probably produce a different result on another trial; and where the evidence came to the knowledge of the applicant after the trial, without a want of due diligence on his part in not sooner discovering it, and where the newly-discovered evidence is not of a character for which the courts, by well-established practice, do not in general grant new trials. (Madden *v.* Shapard, 3° Tex., 50; Edrington *v.* Kiger, 4 Tex., 89; Sweeny *v.* Jarvis, 6 Tex., 38; Welch *v.* Nasboe, 8 Tex., 189; Ables *v.* Donley, 8 Tex., 331.)

The application in this case, it appears to us, fully meets and satisfies the most stringent conditions which have been laid down in any of the former decisions of this court on the subject. The motion was not made upon the unsupported affidavit of appellant, or its acting president, whose official duty it was to see to the defense of the case; but the affidavit of the witness whose testimony was desired accompanied the motion, and states, not only the facts to which he would testify, but also shows that diligence had been exer-

cised in the preparation of the case for trial, and that the newly-discovered evidence did not come to the knowledge of appellant until after the trial in the District Court, and that it could not have done so unless inquiry had been made to the extent of asking every one with whom the plaintiff might have conversed, whether he had stated how and under what circumstances he had sustained the injuries upon which the action is founded. Evidently, such a requirement would not call for the exercise of diligence in preparing a case for trial, but would demand, practically speaking, an impossibility, unless there were circumstances known tending to show the necessity of such inquiry, and pointing to the particular persons from whom such information should be sought.

It cannot be doubted that the alleged newly-discovered evidence is material to the issue upon which the case turned; and if no other testimony should be adduced upon another trial than that stated by counsel in their brief, it may, and probably will, have an important bearing upon the decision of the case on another trial.

It is argued, by appellee's counsel, that the court did not err in overruling the motion, because the alleged newly-discovered evidence could not, if it had been before the jury, have changed or affected the result; for, as he insists, "the physical facts" bearing upon the question decided demonstrated that appellee was injured in the manner and under the circumstances stated by him, and not as desired to be shown by this testimony. A motion for a new trial may, no doubt, be met by affidavits clearly and satisfactorily impeaching the credibility of the witness relied on to testify to the alleged newly-discovered evidence. (Conradt *v.* Sixbee, 21 Wis., 388; Williams *v.* Baldwin, 18 Johns., 489; Fleming *v.* Hollenback, 7 Barb., 276; Merk *v.* Gelzhaeuser, 50 Cal., 632; Aiken *v.* Bemis, 3 Wood. & Min., 353.) And it cannot be questioned, if it was shown by admitted or unquestionably established "physical facts," that the desired testimony could not be true, the motion should have been overruled. But no

such admitted or clearly-established physical facts have been pointed out by counsel in their brief, or found by us in the record. The proposition of appellee's counsel is not supported or warranted by admitted or established physical facts, or any other character of facts, and is only inferable by them from the nature of appellee's injuries, and their conclusions or deductions as to appellee's position when the injuries were inflicted, drawn from their knowledge or impressions as to the relative proportion of different parts of the tender, by the backing of which appellee was injured. But evidently this is not a matter of which the court can take judicial cognizance; and, if believed to be of any weight in determining the point to be decided, it should have been proved as any other fact.

Nor can it be maintained that the newly-discovered evidence is cumulative, and therefore not such as to warrant the granting of a new trial. Cumulative evidence, as has been often said, is additional evidence of the same kind to the same point. Although evidence tends to prove the same proposition as that previously introduced, yet it is not cumulative when it is of a different character, and merely tends to prove the former proposition by proof of a new and distinct fact. "The meaning of the rule," says Judge Woodbury, in Aiken *v.* Bemis, 3 Wood. & Min., 358, "cannot be to exclude, as cumulative, newly-discovered evidence of subordinate points or facts bearing on the general question; for, in such a view, no new trial for new evidence could ever be obtained, all new evidence relating, as it must if it be pertinent, to the general ground or general fact put in issue before. But it must mean that new evidence to a subordinate point or fact, is not competent where the subordinate point or particular fact was before gone into; because it is then cumulative or additional as to that fact."

Here the newly-discovered evidence was declarations or admissions of appellee. No evidence of this kind had been given on the trial. As there was not, it cannot be said that

it was cumulative, but must be held to be original evidence to establish a new fact, the admission of appellee, which fact tends to establish the defense relied upon by appellant. (Gardner *v.* Mitchell, 6 Pick., 114 ; Chatfield *v.* Lathrop, Id., 417 ; Parker *v.* Hardy, 24 Pick., 246 ; Waller *v.* Graves, 20 Conn., 311 ; Gray *v.* Harrison, 1 Nev., 509 ; Warren *v.* Hope, 6 Me., 479 ; Thompson *v.* Gray, 63 Me., 228.)

It is not to be gainsaid, that it has been often held, that a new trial will not be granted on account of newly-discovered evidence, where the object of such testimony is merely to contradict or impeach the credit of a witness who testified upon the trial. But it is equally well settled, that this objection is inapplicable, where the testimony goes to prove facts material to the issue in the case, though it may also tend to contradict or lessen the credit of opposing witnesses. This, undoubtedly, is, to some extent, the effect of all testimony tending to support the case of the one side, and therefore to disprove that of the other. (Oakley *v.* Sears, Robert., 1 (N. Y.,) 78 ; Hill. on New Trials, sec. 19, p. 385.)

For the error of the court in overruling appellant's motion for a new trial, the judgment is reversed and the cause remanded.