G. H. & S. A. R'Y CO. v. T. H. MARSDEN.

(No. 1241, Op. Book No. 2, p. 212.)

APPEAL from Caldwell County. Opinion by WALKER, R. S., P. J.

§ 1001. *Argument of counsel; rules relating to; new trial granted for violation of rules, when, etc.* It was in derogation of the fundamental elements of a fair trial for the court to permit the plaintiff's counsel, in argument before the jury, to offer, for their consideration, statements of pertinent and material facts resting upon his supposed and directly asserted personal knowledge of them, when none such had been testified to by him as a witness. The matter embraced by his statement was not merely in itself pertinent, and tending to influence the minds of the jury, if they gave credit to his personal integrity and truthfulness, but it had relation to an issue of fact concerning which there was material and substantial conflict in the testimony of the plaintiff's witnesses on the one hand, and that of the defendant's witnesses on the other; and the statement of the counsel tended to confirm the evidence of the plaintiff's witnesses, by showing their consistency in having made the same or similar statements to him as those to which they had testified on the trial. The refusal of the court to interpose (an objection being made by defendant's counsel), and failing otherwise to attempt to counteract the injurious tendency of the counsel's statements, if not a mark of approval given by the court in the presence of the jury of the course thus pursued, and an indorsement of the right, under the circumstances, of the plaintiff's counsel thus to supplement and add to the force of the testimony of plaintiff's witnesses, at least had the tendency to leave the effect of a highly improper test for determining the rights of the parties, undirected and not qualified by such judicial action, that from which, if the court had corrected the wrong, we might have been able to presume

that the defendant had not, by such irregularity, been injured in its rights upon the trial. Even if the objection had been sustained, and the jury had been instructed to disregard the objectionable statements, a court of justice is not possessed of scales whereby to measure the influence which they may have exercised on the minds of the jury unconsciously even to themselves. [Brown v. Swineford, Cent. Law Jour., Sept. 12, 1878, p. 211; 44 Wis. 282.] In the case cited, it is remarked that that is error sufficient to reverse a judgment, for counsel, against objection, to state facts pertinent to the issue and not in evidence, or to assume *arguendo* such facts to be in the case when they were not.

The thirty-ninth rule for district and county courts provides that counsel shall be required to confine the argument *strictly* to the *evidence*, and to the arguments of opposing counsel. Rule 41 provides that "the court will not be required to wait for objections to be made when the rules as to argument are violated, but should they not be noticed and corrected by the court, opposing counsel may ask leave of the court to rise and present his point of objection." Rule 121 provides that "any supposed violation of these rules, to the prejudice of a party, may be reserved by bill of exception, and assigned as error by the party who may conceive himself aggrieved by such supposed violation." Whilst a violation of this rule will not require in all cases the granting a new trial, yet its violation may often not only render it proper to grant a new trial, but require an appellate court to reverse a judgment for a refusal so to do. If it plainly appears that the district or county judge, in such refusal, has abused the discretion vested in him of granting or refusing a new trial, or if the refusal of it has involved the violation of a clear legal right, the action of the court will be revised and the judgment reversed. [Ables v. Donley, 8 Tex. 331.] It is true that a new trial will not be awarded of course because irregularities or errors have been committed on the trial which do not affect the

merits or justice of the case [Sweeny v. Jarvis, 6 Tex. 36], and consequently, reprehensible as would be the rule forbidding counsel to introduce their personal statement of facts in evidence during an argument to the jury, yet it is not difficult to suppose states of case where a judge would very properly determine that the result of the jury's deliberation had not been influenced to the detriment of the rights of the parties by reason of the supposed irregularity. [Shannon v. Taylor, 16 Tex. 413.] In this case it was held that the violation of the rules governing argument was sufficient to reverse the judgment.

§ **1002.** *Damages on breach of contract; remote and consequential.* Damages, such as do not directly and naturally result from the breach of a contract, and are not reasonably supposed to have existed in the contemplation of the parties to the contract, are remote and consequential, and cannot be recovered.

February 19, 1881.          Reversed and remanded.