SAN ANTONIO GAS COMPANY V. DIANA SINGLETON.

Decided October 31, 1900.

**1.  Joint Tort Feasors—Judgment Against One Only.**

Since each of two joint tort feasors, though they be sued together as defendants, is separately and individually liable for the damages, one of them can not complain, as against the plaintiff, that the verdict and judgment in plaintiff's favor were rendered against himself alone.

**2.  Same—Contribution and Indemnity.**

Plaintiff sued a gas company and a city for injury resulting from the failure of the gas company to properly guard, as it was bound to have done, certain trenches which it was digging in the street under license, and of which failure the city was ignorant.  Held, that the gas company could not complain of the fact that the judgment for plaintiff was against it alone, since it would have been liable over to the city; and it was immaterial that the city had not prayed for judgment over against it.

**3.  New Trial—Newly Discovered Evidence—Diligence.**

Where plaintiff testified that she was accompanied by W. at the time the injury occurred, and W. was present at the trial, but did not testify, a motion for new trial based on the evidence of W., which plaintiff's attorney had learned of after the trial, was properly overruled, since it did not appear that due diligence was used to obtain the evidence; and it did not alter the case that W., when defendant's attorney made inquiry of him, before trial, had refused to tell about the matter.

**4.  Same—Affidavits Attacking the Veracity of Witness.**

Where application was made for new trial on the ground of newly discovered evidence of a witness, it may be shown by counter affidavits filed that the reputation of the witness for truth and veracity is bad.

**5.  Same—Judicial Discretion.**

An application for new trial on the ground of newly discovered evidence of a witness whose veracity is attacked is largely addressed to the discretion of the trial court, and its action in refusing the application will not be revised unless it clearly appears that the applicant's showing is within the rules entitling him to a new trial as a matter of law, and that the newly discovered evidence is of such character as would probably produce a different verdict on another trial.

APPEAL from Bexar.  Tried below before Hon. S. J. BROOKS.

*Houston Brothers* and *R. J. Boyle,* for appellant.

*James Routledge,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit against appellant and the city of San Antonio arising from the negligence of appellant in not placing signals of warning on a ditch dug by it on a street in the city of San Antonio.  A trial by jury resulted in a verdict and judgment for appellee in the sum of $2500.

The evidence sustains a finding that appellee was seriously and permanently injured through the negligence of appellant.  It was in evidence that the ditch into which appellee fell was dug by appellant under authority given it by the city of San Antonio, and it is contended in the first assignment of error that "the verdict of the jury is excessive and shows that the jury was moved and actuated by passion and prejudice against this appellant, the San Antonio Gas Company, because the tes-

timony shows that if either defendant was liable, then both were liable." From the language of the assignment it would seem that excess in the verdict was being complained of, and that such excess was the result of passion and prejudice which was evidenced by the fact that its codefendant, which was equally guilty, had been released from liability. In the proposition under the assignment, however, it appears that the complaint is that "a municipality permitting excavations, made under its authority, to remain unguarded is a joint tort feasor with the person making such excavation, and if either be liable for injuries received by falling into it, both are liable." If the complaint is that the verdict was excessive, we can not agree with it, for if the testimony found in the record be true the appellee received injuries from which she will probably never recover, and suffered intense agony, and the verdict can not be pronounced excessive. Neither is there evidence of passion or prejudice in the finding that the city of San Antonio is not liable for damages. It is the duty of the city of San Antonio to keep its streets safe for passage, and to guard against injuries that might arise from excavations, and under the testimony it was a joint tort feasor with appellant. The general rule is that one joint tort feasor is not entitled to contribution from one engaged with him in committing the tort, but there are exceptions to the rule, and there may arise cases where all may be wrongdoers as to the injured party, but as among them some of them may not be wrongdoers at all, and the active wrongdoer may be compelled to respond for all the damages. In this case the city granted to appellant the right to dig the trench, but by ordinance it made it the duty of the appellant to protect the public from injury from the trench. It did not appear that the city of San Antonio had any notice of the infraction of its ordinance, or even had notice of the existence of the trench, and it would have been entitled to contribution and indemnity from appellant. Cooley, Torts, 166-168.

The right to a judgment against both parties was one that belonged to appellee, and she does not complain because the city of San Antonio was not found jointly liable, and it does not appear in what manner appellant is injured by a failure to find against both parties, as under the facts appellant would be bound to indemnify the city for the damage. It does not matter that the city did not pray for judgment over against appellant, and it would not matter if the appellant were not liable for indemnity to the city, still appellant can not complain at the release of the city. Each of the defendants was separately and individually liable to appellee for the damages, and appellee could, at least under the circumstances of this case, take a judgment against one or both of the tort feasors. Rowan v. Daniel, 20 Texas Civ. App., 321. Had there been a plea for contribution on the part of the city of San Antonio, it would have been in a position to have demanded a verdict against appellant, but the latter has no ground of complaint because the city was not found liable for the damages.

On the trial of the case appellee testified that she fell into a ditch on Avenue C, and that she did not know of the existence of the ditch,

there being no light placed on or near the ditch to give warning. She swore that she was 35 years of age, and it was shown that she had suffered great agony of mind and body. Her suffering was shown to have been largely occasioned by the injury which affected her menstruation and caused disease of her ovaries. Appellee also testified that C. H. Wilson was with her when she fell into the ditch and sustained the injuries. Wilson was present at the trial as a witness for appellee, but was not placed upon the stand to testify. Appellant knew of his presence among the witnesses. Appellant in its application for a new trial alleged that it would be able upon another trial to prove by witnesses that appellee was about 45 years of age, instead of 35, as stated by her, and that she had reached the menopause period of life, and that it could be shown by C. H. Wilson on another trial that he was with appellee when she swore she was hurt, and that the injuries resulted from her jumping across the ditch, and that she did not fall into it, and that the ditch was well guarded with lights. The foregoing alleged facts were supported by affidavits of the different witnesses. It was stated in the affidavit of an officer of appellant that neither the appellant nor its attorneys knew of the facts upon which the motion for a new trial was based, and an attorney for the city of San Antonio and one representing appellant swore that they had tried to get Wilson to tell them what he would testify and he refused to do so. Counter affidavits were filed by appellee attacking the reputation of C. H. Wilson for truth and veracity in Victoria and Brazos counties and tending to show that it was bad, and showing contradictory statements made by him, and statements made by him, in connection with a display of money, that he had been paid to testify for appellant. In some of the counter affidavits were statements to the effect that Wilson had told the affiants that he had fully informed appellant, before the trial, of the facts surrounding the injury to appellee. Appellee swore that Wilson had desired her to pay him for his testimony, and became estranged from her because she would not marry him. This view of the matter was sustained by the affidavits of other witnesses.

"It is incumbent on a party who asks a new trial on the ground of newly discovered evidence to satisfy the court, first, that the evidence has come to his knowledge since the trial; second, that it was not owing to the want of due diligence that it did not come sooner; third, that it is not cumulative; fourth, that it is so material that it would probably produce a different verdict if a new trial were granted." Hatchett v. Conner, 30 Texas, 104; Railway v. Forsyth, 49 Texas, 171.

Whether the motion for a new trial met the above conditions was one largely addressed to the discretion of the trial judge. "It is impossible to prescribe rules which shall afford a certain guide for the determination of every case; and where the law does not furnish a rule, the application must of necessity be addressed to the discretion of the presiding judge. Having presided at the trial, having seen the witnesses and heard them testify, his means of judging of the correctness of the verdict and the propriety of granting a new trial are superior to those af-

forded the appellate court by a mere statement of the evidence in the record. Hence, in revising the judgment of the District Court refusing a new trial, it has been the uniform practice of this court not to reverse the judgment unless it clearly appears that the party applying has brought his application within these rules which entitled him to a new trial as a matter of law. The inquiry has been, not whether, upon the evidence in the record, it apparently might have been proper to grant the application in the particular case, but whether the refusal of it has involved the violation of a clear legal right or a manifest abuse of judicial discretion." Ables v. Donley, 8 Texas, 331; Railway v. Marcelles, 59 Texas, 334.

We can not say that in the refusal of the new trial there was a violation of a clear legal right or that that was a manifest abuse of judicial discretion. The counter affidavits to meet the affidavits attached to the motion for new trial were permissible, and there was in them material upon which the trial judge could base a judgment that the evidence was not newly discovered, and if it was, sufficient diligence had not been used to procure the evidence, and that it would not probably change the result on another trial. There was sufficient testimony in the counter affidavits to support a finding that C. H. Wilson was unworthy of belief and his testimony not to be credited. Such testimony could not probably have any influence in producing a different result upon another trial.

That affidavits impeaching the credibility of the witness relied on to testify to the alleged newly discovered evidence, are permissible, is settled by the Supreme Court. Railway v. Forsyth, 49 Texas, 171.

Appellant had heard the testimony of appellee to the effect that Wilson was present when she was hurt and knew the facts about it, and knew that he was present at the trial, and under the rule as a witness. Appellant must have known, in spite of his refusal to tell the attorneys about the matter, that Wilson knew the facts, and should have introduced him as a witness. Refusal to tell appellant what he knew did not prevent it from knowing that he knew the circumstances under which appellee received her injuries. If appellant had not known that Wilson was with appellee when she claimed she was injured, it might be in a position to contend that the testimony was newly discovered, and bring itself within the rule announced in King v. Gray, 17 Texas, 62, and Williams v. Arnis, 30 Texas, 37.

We do not consider that the evidence in regard to the age of appellee, and the probabilities as to her having reached the menopause period, was material, or that it would probably have any effect on another trial.

The judgment is affirmed.

*Affirmed.*