## TEXAS EMPLOYERS INS. ASS'N v. MOSER.

### No. 10942.

Court of Civil Appeals of Texas. San Antonio.

April 30, 1941.

Rehearing Dismissed June 6, 1941.

See, also, 143 S.W.2d 623.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellant.

H. K. Stanfield and Charles Lieck, both of San Antonio, for appellee.

NORVELL, Justice.

This is a workmen's compensation case. Judgment was entered upon a special issue jury verdict allowing appellee, Ernest Moser, a recovery of compensation for a period of 401 weeks at the rate of $19.90 per week. Texas Employers Insurance Association, the insurance carrier, has appealed.

Appellant raises three contentions, to-wit:

1. The case must be reversed because of misconduct of the jury.

2. The trial court should have granted a new trial because of "newly discovered evidence."

3. There is no evidence supporting the jury's findings upon which the trial court awarded appellee a recovery in accordance with the first subdivision numbered 2 of Section 1, Article 8309, Vernon's Ann.Civil Statutes.

Relative to the question of jury misconduct, it appears that while the jury was discussing the matter of the extent of appellee's injuries, one of the jurors stated that he had a brother who fell off a scaffold 14 feet high, tearing the muscles and tendons in his back, and that because of such injury it took him a year to get well. Another juror stated that he had a neighbor who was troubled with his back and that some days he could work as hard as anybody and some days he could not work at all. Appellee sustained a back injury.

The statement of facts upon appellant's motion for new trial contains statements made by the trial court at the conclusion of the taking of testimony, which are referred to by the parties as the trial court's findings and conclusions. These findings are rather informal, but it appears therefrom that the court was of the opinion that the statements above mentioned had actually been made before the jury in contravention of the instructions given by the court. The trial court was, however, of the opinion that it clearly appeared that such statements had no prejudicial effect in so far as appellant's rights were concerned.

We are of the opinion that the ruling of the trial court was correct. Conceding that the statements made by the jurors were improper, we do not see how, in the light of the jury's verdict, it can be said that appellant was prejudiced thereby. The issues raised by the pleadings and evidence and then under discussion by the jury were made by appellee's contention that he was totally and permanently disabled, countered by appellant's contention that appellee was only partially and temporarily disabled. The jury found that appellee was temporarily totally disabled, the "temporary" period being fixed at ten years—520 weeks. The statement of one juror tended to show a temporary total disability because of a back injury for a period of one year. The statement of the other juror tended to show a partial disability rather than a total one resulting from a back injury. This unauthorized and unsworn hearsay testimony given in the jury room was certainly more favorable to appellant than was the verdict of the jury, and we think it clearly appears that no prejudice to appellant resulted therefrom. Appellant's propositions applicable to its first contention above stated are overruled. Lackey v. Southland Greyhound Lines, Inc., Tex.Civ.App., 35 S.W.2d 739, writ refused; St. Louis, S. F. & T. Ry. Co. v. Barr, Tex.Civ.App., 67 S.W.2d 1063; Ford Motor Co. v. Whitt, Tex.Civ.App., 81 S.W.2d 1032, writ refused.

That part of the motion for new trial relating to "newly discovered evidence," was supported by some seven or eight affidavits. Appellee attached to his reply to said motion more than twenty affidavits, some of which were executed by the same persons as those who gave affidavits to the appellant. In certain respects the statements made for the appellant by some of the compurgators differed and conflicted with statements contained in the affidavits made by them for the appellee. The purport of appellant's affidavits was that appellee, Ernest Moser, had been seen by the various affiants doing work requiring considerable physical effort, such as chopping cotton and working around an automobile garage, since the time he was alleged to have been injured. The statements contained in these affidavits, if believed by a jury, would tend to show that appellee was not as seriously injured as his testimony upon the trial would indicate, and that he had attempted to conceal his true physical condition from the representatives of the appellant.

The trial court heard a great deal of testimony upon the motion from numerous witnesses. As a matter of fact, the statement of facts on motion for new trial exceeds in length the statement of facts covering the evidence received at the original trial. No useful purpose could be served by setting out at length the testimony developed. Suffice it to say that the testimony concerning appellee's actions subsequent to his injury was conflicting, and many of the witnesses and compurgators on both sides were impeached directly or indirectly.

It does appear, however, that upon the original hearing of this case, the appellant

produced a witness who testified that he had employed Moser to drive a tractor for a period of about three weeks; that he had seen Moser crank the tractor; that Moser did not complain of the work or say that it hurt him; that Moser didn't limp but got around like other men. This witness also testified that Moser requested him to tell any insurance men that came around, that he, Moser, was not working.

Testimony of similar import was given by a second witness. A third witness testified that he had seen appellee lift the front end of a Chevrolet car three or four inches, so that the bumper thereof could be tied onto the bumper of another car for towing purposes; that he had seen appellee around a garage in greasy overalls, apparently working there.

A fourth witness testified that he had employed appellee to pick cotton; that he had seen him pick cotton, which he (Moser) did as good as any of them; that Moser hauled his cotton sack, weighing fifty or sixty pounds, to the truck and emptied it.

Three doctors testified that in their opinion appellee was able to work and was not disabled as he claimed.

■ The testimony of the above witnesses was, of course, either contradicted or partially explained by appellee and his witnesses. The question of the extent of Moser's injury was a contested point upon the original trial, and it therefore seems to us that the "newly discovered evidence" relied upon by appellant must be regarded for the most part as cumulative under the authorities. American Nat. Ins. Co. v. George, Tex.Civ.App., 22 S.W.2d 704, writ refused; St. Louis & S. F. Ry. Co. v. Ross, Tex.Civ.App., 89 S.W. 1105, writ refused.

■ We are also of the opinion that the evidence adduced upon the hearing held upon the motion for new trial raised fact issues as to appellant's diligence, or lack thereof, as well as to the probable effect of the newly discovered evidence upon the result, should a new trial be granted. We presume that the trial court found against appellant upon these issues in overruling the motion, as no expressed findings were made and none requested.

■ The following quotation from San Antonio Gas Co v. Singleton, 24 Tex. Civ.App. 341, 59 S.W. 920, 922, writ refused, decided by this Court, opinion by Judge Fly, is therefore applicable to the record presented here: " 'It is incumbent on a party who asks a new trial on the ground of newly-discovered evidence to satisfy the court—First, that the evidence has come to his knowledge since the trial; second, that it was not owing to the want of due diligence that it did not come sooner; third, that it is not cumulative; fourth, that it is so material that it would probably produce a different verdict if a new trial were granted.' Hatchett v. Conner, 30 Tex. 104; [Houston & T. C.] Railway Co. v. Forsyth, 49 Tex. 171. Whether the motion for a new trial met the above conditions was one largely addressed to the discretion of the trial judge. 'It is impossible to prescribe rules which shall afford a certain guide for the determination of every case; and, where the law does not furnish a rule, the application must of necessity be addressed to the discretion of the presiding judge. Having presided at the trial, having seen the witnesses and heard them testify, his means of judging of the correctness of the verdict and the propriety of granting a new trial are superior to those afforded the appellate court by a mere statement of the evidence in the record. Hence, in revising the judgment of the district court refusing a new trial, it has been the uniform practice of this court not to reverse the judgment unless it clearly appears that the party applying has brought his application within those rules which entitled him to a new trial as a matter of law. The inquiry has been, not whether, upon the evidence in the record, it apparently might have been proper to grant the application in the particular case, but whether the refusal of it has involved the violation of a clear legal right or a manifest abuse of judicial discretion.' Ables v. Donley, 8 Tex. 331; [Houston & T. C.] Railway Co. v. Marcelles, 59 Tex. 334. We cannot say that in the refusal of the new trial there was a violation of a clear legal right, or that that was a manifest abuse of judicial discretion."

We overrule appellant's propositions supporting its second contention.

The judgment rendered by the trial court, in so far as the amount thereof is concerned, is based upon the jury's answers to special issues Nos. 12 and 13, which read as follows:

"(12) Do you find from a preponderance of the evidence that there was an-

other employee of the same class as plaintiff working substantially the whole of the year immediately preceding April 13, 1938 (the date of injury), in the same or in a similar employment in the same or a neighboring place? Answer 'Yes' or 'No.' We, the Jury, answer: Yes.

"If you have answered the foregoing question 'Yes,' and only if you have so answered, then answer the following question:

"(13) What do you find from a preponderance of the evidence was the average daily wage or salary which such employee earned in such employment during the days when so employed? Answer by stating the amount.

"We, the Jury, answer: $5.75."

Appellee was employed as a truck driver by Gaines Brothers, an oil field trucking concern, at a daily wage of $4, but had not been engaged in the same or similar employment for a period of substantially one year prior to the date of his injury. The trial court fixed the rate of compensation in accordance with the first subdivision No. 2, of Section 1, Article 8309, supra. As against appellant's attack that the jury finding of a daily wage rate of $5.75 per day has no support in the evidence, appellee calls our attention to the testimony of Robert Ancira, who by deposition testified that he was office manager and supervisor of payrolls for Allen and Morris, drilling contractors; that Allen and Morris had a truck driver during the year beginning April 13, 1937, and ending April 13, 1938, in Nueces or adjoining counties; that said employee had worked 300 days or more during said year; that the average daily wage of such employee during the time mentioned was "approximately $5.75 per day."

He further testified that truck drivers were paid on the basis of so much per month, "but they are not paid except for the days they work"; that they were paid twice a month but not in the same manner as office employees who were paid whether they were sick or not.

Ancira's testimony was in some respects contradicted by that of another employee of Allen and Morris, whose testimony was to the effect that the truck drivers of his employer were on a monthly rather than a daily basis, so that the first subdivision 2 of Section 1, Article 8309, would have no application under the holding of Texas Employers Ins. Ass'n v. Clack, 134 Tex. 151, 132 S.W.2d 399.

In determining whether or not there is any evidence to support a jury finding, we are to construe the testimony in the most favorable light as supporting the finding. Moore v. Marines, Tex.Civ. App., 269 S.W. 825. Under this rule, we can not say that Ancira's testimony, although unsatisfactory in certain particulars, wholly fails to support the jury's finding as to the daily wage. Jacobsen v. Van Syckel, Tex.Civ.App., 248 S.W. 124. We also hold that there is evidence supporting the jury's answer to Special Issue No. 12. Maryland Casualty Co. v. Brown, Tex.Civ. App., 95 S.W.2d 537, writ refused; Indemnity Insurance Co. of North America v. Bailey, Tex.Civ.App., 50 S.W.2d 484. Appellant's propositions supporting its third contention, above stated, are overruled.

Having considered all of the propositions raised by appellant and being of the opinion that no reversible error has been shown, the judgment of the trial court is accordingly affirmed.

### On Motion for Mandate.

In accordance with the prayer contained in a joint motion filed by the parties hereto, appellant's motion for rehearing in this cause is dismissed, and the mandate of this Court upon the order affirming the judgment of the trial court will be issued upon payment of costs.