**GOODRICH v. MASEY.**

No. 9856.

Court of Civil Appeals of Texas.
Austin.

March 1, 1950.

Rehearing Denied March 22, 1950.

F. H. Hammond, and James A. Steele, of Burnet, for appellant.

Gross & Fritts, W. O. Gross, of Mineral Wells, and H. D. Crawford, of Burnet, Texas, for appellee.

GRAY, Justice.

The only question here presented is the correctness of a judgment overruling appellant's motion for a new trial because of newly discovered evidence.

The suit was by appellee against appellant for the loss, by fire, of valuable cedar posts and cedar timber. Appellant is the owner of lands lying northwest of, and adjacent to, lands leased by appellee for the purpose of cutting, storing and removing therefrom cedar posts and cedar timber. Appellant's land is referred to as the Goodrich land and appellee's as the Green land.

Appellee alleged that appellant set out fire on the Goodrich land and negligently permitted the same to spread to the Green land, by reason of which valuable cedar posts and cedar timber belonging to appellee were destroyed.

A trial before a jury resulted in a judgment awarding appellee damages.

Appellant's motion for a new trial alleged that he had discovered new evidence material to his defense and which would probably produce a different result upon another trial. Attached to this motion were the affidavits of two witnesses who did not testify at the trial. The attached affidavit of Ardelia Denton is that at about 3:00 or 4:00 o'clock in the afternoon of the day of the fire, she and her brother, Alfred Baker, were on the Green land and at an old house and two tents, and that: "While we were there we saw smoke in the direction where Mr. Goodrich was burning his brush on his land. The smoke was heavy. We didn't want to run any chance in losing the tents and old house and at the time we thought the fire might spread from the Goodrich land onto the Green land, so my brother and I set two or three fires just north of where the tents and old house was located. When we set these fires we didn't see any fire on the Green land, but only smoke coming from the direction of the Goodrich ranch. After my brother and I set these fires the fire spread pretty fast and spread up the mountain in a northerly direction. The wind was blowing from the south at the time. We stayed there where

we had set the fires for about an hour, perhaps a little longer and my brother and I then went to our home. We came back to the tents and old house where we had set the fires about 5 or 5:30 that same evening and the fire by that time had spread over the top of the mountain and burning in a northerly direction. I am pretty sure the fire my brother and I set near the tents and old house is the fire that spread over the Guy Green land."

This affidavit states that Lorena Bowerman was present at the time these fires were set. The attached affidavit of Alfred Baker is substantially the same as that of Ardelia Denton.

Appellee filed the affidavits of Lottie Baker, Lorena Bowerman and Mrs. A. A. Schulte, either of whom testified at the trial. Lottie Baker said:

"I remember the day that the fire burnt the pastures belonging to Goodrich and Green. I think it was about the 8th day of March, A.D. 1946.

"Lorena Bowerman, Alfred Baker, Ardelia Denton and myself went over to see the fire at the cattle guard on North Morgan Creek. The first time was about 2 or 3 o'clock in the evening. We could see the fire on the other side of the mountain. The fire was coming from the northwest. That was direction of the Goodrich pasture from where we were. We left in a short time.

"Then about 5 or 6 o'clock that evening, Lorena Bowerman, Alfred Baker and myself went back over to where the fire was and it was coming down the mountain in the Green pasture from the northwest and the wind was blowing from the northwest. Alfred Baker went up on the side of the mountain and got some fire and we set fire about 40 or 50 feet north of an old house trying to back fire to save the old house. There were no tents there. When we left this time, the fire was practically burnt out and safe of danger."

Lorena Bowerman made substantially the same statement as Lottie Baker, and said that Ardelia Denton was not with them when the fires were set. Mrs. A. A. Schulte said she was with Alfred Baker,

Lottie Baker, Lorena Bowerman and Ardelia Denton at about 2:00 or 3:00 o'clock in the afternoon of the day of the fire and saw the smoke and fire, that it was already burning in the north and west portions of the Green land, and said no one set any fire while she was there, that they all left the scene by 3 o'clock, and she did not go back later that afternoon.

Whether a motion for new trial, on the ground of newly discovered evidence, will be granted or refused is generally a matter addressed to the sound discretion of the trial court, and the trial court's action will not be disturbed on appeal absent an abuse of such discretion. 3-B Tex.Jur., Appeal and Error, p. 426, sec. 929. The inquiry is: " * * * not whether, upon the evidence in the record, it apparently might have been proper to grant the application in the particular case, but whether the refusal of it has involved the violation of a clear legal right or a manifest abuse of judicial discretion." Ables v. Donley, 8 Tex. 331; San Antonio Gas Co. v. Singleton, 24 Tex.Civ.App. 341, 59 S.W. 920 (Err.Ref.); Texas Employers Ins. Ass'n v. Moser, Tex.Civ.App., 152 S.W.2d 390.

Reviewing the record in its entirety, we think the trial court necessarily considered the weight and the importance of the alleged newly discovered evidence, its relation to the evidence heard at the trial, the conflict in the testimony of the witnesses, and concluded that the evidence was not such as would probably change the result if the motion were granted.

The probative force of the newly discovered evidence and its probable effect upon the result of another trial were matters for the trial court. Allen v. Texas & N. O. R. Co., Tex.Civ.App., 70 S.W.2d 758 (Err.Dis.); Holden v. Robertson & Mueller, Tex.Civ.App., 294 S.W. 667.

Our review of the trial court's ruling on appellant's motion for a new trial is limited to a determination of whether or not an abuse of discretion is shown. As has already been stated, we think a review of the record in its entirety suggests the trial court denied the motion for a new

trial because he was of the opinion that the newly discovered evidence would probably not produce a different result upon another trial. This being a matter within his discretion, no error is shown. Employees Lloyds v. Schott, Tex.Civ.App., 183 S.W. 2d 262 (Err.Ref.).

The judgment of the trial court is affirmed.

Affirmed.