Van A. NGUYEN, Appellant,

v.

**MINH FOOD COMPANY, et al., Appellees.**

No. 05–87–00112–CV.

Court of Appeals of Texas, Dallas.

Dec. 11, 1987.

Tim Gavin, Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellant.

Stanley B. Binion, Jon L. Tankersley, Reynolds, White, Allen & Cook, Houston, for appellees.

Before ENOCH, C.J., and ASHWORTH[1] and BISSETT[2], JJ.

BISSETT, Justice.

This is an appeal by plaintiff Van A. Nguyen from an agreed judgment of dismissal. Following the rendition of the judgment, plaintiff's motion for new trial based on newly discovered evidence was overruled. We affirm.

Van A. Nguyen (hereafter "Nguyen"), a partner in Minh Food Co. sued Minn Food Co. and the other members of the partnership (hereafter collectively "Minh Food Co."), seeking dissolution and an accounting. Although he was initially represented by an attorney, Nguyen represented himself after his attorney withdrew from the case. During settlement negotiations, Minh Food Co. provided Nguyen with financial statements showing the net worth of the partnership. Based on these financial statements, Nguyen settled his claim for $152,000, and the case was dismissed with prejudice.

After the case was dismissed, Minh Foods' certified public accountant, according to Nguyen's affidavit, hereinafter set out, told Nguyen that the financial statements shown to him had significantly underrepresented the partnership's value. Nguyen retained counsel who filed a motion for new trial on the basis of newly discovered evidence. The motion was supported by Nguyen's affidavit, which reads, as follows:

> My name is VAN A. NGUYEN. I am the Plaintiff in the styled and numbered case and competent to make this oath. After I signed a compromise and settlement agreement and agreed to a dismissal of this case with prejudice, I talked with Anthony Pham who is the CPA for Minh Food Company, one of the Defendants. He told me that the financial statement shown to me, and upon which I based my decision to settle the case, was not true and correct and in fact the partnership was worth considerably more. I relied upon that financial statement in making my decision to settle.

■ It is well settled that in order to require the granting of a new trial on grounds of newly discovered evidence, *it is essential that the moving party introduce admissible, competent evidence at the hearing on the motion for new trial showing*: 1) the existence of the newly discovered evidence; 2) that the moving party had no notice of the existence of such evidence prior to the time of trial; 3) that due diligence was exercised to procure the evi-

1. The Honorable Clyde R. Ashworth, Justice, retired, Court of Appeals, Second District of Texas, at Fort Worth, sitting by assignment.

2. The Honorable Gerald T. Bissett, retired, Court of Appeals, Thirteenth District of Texas at Corpus Christi, sitting by assignment.

dence prior to trial; 4) that the evidence is not merely cumulative and does not tend only to impeach; and 5) that the evidence would probably produce a different result if a new trial were granted. *Estate of Arrington v. Fields*, 578 S.W.2d 173, 180 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.); *Anderson v. Griffith*, 501 S.W.2d 695, 702–03 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.); *Jacobi v. Texas State Board of Medical Examiners*, 308 S.W.2d 261, 265 (Tex.Civ.App.—Waco 1957, writ ref'd n.r.e.).

"Whether a motion for new trial on the ground of newly discovered evidence will be granted or refused is generally a matter addressed to the sound discretion of the trial court and the trial court's action will not be disturbed on appeal absent an abuse of discretion." *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex.1983). "The inquiry [is] not whether, upon the evidence in the record, it apparently might have been proper to grant the application in the particular case, but whether the refusal of it has involved the violation of a clear legal right or a manifest abuse of judicial discretion." *Id.*, quoting *San Antonio Gas Co. v. Singleton*, 24 Tex.Civ.App. 341, 59 S.W. 920, 922 (1900, writ ref'd). "Every reasonable presumption will be made on review in favor of orders of the trial court refusing new trials." *Id.*, citing *Hartford Accident & Indemnity Co. v. Gladney*, 335 S.W.2d 792, 795 (Tex.Civ.App.—Waco 1960, writ ref'd n.r.e.).

■ Further, in reviewing the action of the trial court in denying appellant's motion for new trial on the ground of newly discovered evidence, an appellate court should bear in mind the long standing principle that motions for new trial on the ground of newly discovered evidence are not favored by the courts, and are reviewed with careful scrutiny. *Mitchell v. Bass*, 26 Tex. 372 (1862); *Gowan v. Reimers*, 220 S.W.2d 331, 338 (Tex.Civ.App.—Fort Worth 1949, writ ref'd n.r.e.); *McCall v. Texas Dragline Service Co.*, 188 S.W.2d 243, 247 (Tex.Civ.App.—Galveston 1945, writ ref'd w.o.m.).

"An appellant cannot claim any error where no admissible, competent evidence was offered at the hearing of his motion for new trial showing the existence of the alleged newly discovered evidence." *Estate of Arrington v. Fields*, 578 S.W.2d 173, 180 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.); *see also New Amsterdam Casualty Co. v. Jordan*, 359 S.W.2d 864, 865 (Tex.1962); *Buhidar v. Abernathy*, 541 S.W.2d 648, 653 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.); *Meehan v. Pickett*, 463 S.W.2d 481, 483 (Tex.Civ.App.—Beaumont 1971, writ ref'd n.r.e.); *Davis Bumper to Bumper, Inc. v. Roberts*, 331 S.W.2d 762, 767 (Tex.Civ.App.—Amarillo 1959, writ ref'd n.r.e.).

■ In the case at bar, the sole basis for Nguyen's claim of newly discovered evidence is his own affidavit which was attached to his motion for new trial. No evidence of any kind was introduced by Nguyen at the trial. His reliance upon *Steed v. Winder*, 130 S.W.2d 403 (Tex.Civ.App.—Galveston 1939, no writ), and *Wolf v. Mahan*, 57 Tex. 171 (1882), is misplaced. Here, there is *no* evidence of fraudulent acts by any of the partners in Minh Food Co. Therefore, since Nguyen failed to meet the essential requirement of introducing admissible, competent evidence at the hearing to show the existence of truly newly discovered evidence, the trial court did not abuse its discretion in denying his motion for new trial.

The judgment of the trial court is AFFIRMED.