## LABORDE v. ANIZAN.

### No. 10532.

Court of Civil Appeals of Texas. Galveston.

Jan. 13, 1938.

Fogle & Holden, of Houston, and Harris & Coltzer and Emmett F. Magee, all of Galveston, for appellant.

Wood & Morrow and Newton Gresham, all of Houston, for appellee.

CODY, Justice.

But one assignment of error is urged on this appeal—the refusal of the trial court to grant a new trial because of newly discovered evidence.

Appellant brought suit against appellee for damages for injuries to his wife, and for medical attention to her, and for damages to his automobile, resulting from a collision between such automobile, being then driven by his wife, and a truck belonging to appellee, being then driven by an employee of appellee.

In response to special issues the jury found: The collision was not an unavoidable accident. That the truck, immediately before the collision, was not being operated in excess of 20 miles per hour. That the truck driver kept a proper lookout. That he proceeded to the center of the intersection (of Houston avenue and Dart street in Houston) before turning to the left. That he held out his arm to indicate his intention to turn. That appellant's wife was driving in excess of 20 miles per hour, and that this was a proximate cause of the collision. That she failed to keep a proper lookout, and this was contributory negligence (as defined in the charge). That she failed to apply her brakes, and this was contributory negligence. That she was driving her automobile at an excessive rate of speed, and this was also contributory negligence. That she could not have avoided the collision by turning to the left, and going around the truck. That she failed to slacken the speed of her car as she approached the intersection, and this failure was contributory negligence. That her act in turning her car to the right immediately before the collision was not contributory negligence.

There was conflict in the evidence as to whether the truck was being driven slowly or fast. That given by appellant's witnesses was that it was being driven 28 or 45 miles an hour; that of appellee's only 8 or 18 miles per hour. There was a further conflict as to whether the truck made a wide turn around the center of the intersection, as testified to by appellee's witnesses, or a sharp turn by cutting directly into Dart street in front of the approaching car, as testified to by appellant's witnesses. The evidence was also conflicting as to the rate of speed at which appellant's wife was driving, whether it was between 15 to 20 miles per hour, or between 35 to 40 miles per hour. Also the evidence as

to whether the driver of the truck signaled his intention to make the turn.

As indicated above, the answers returned by the jury were in favor of the evidence submitted on these issues by appellee, and against that submitted by appellant.

The newly discovered evidence urged as grounds for a new trial, in the motion for a new trial, was that Mrs. C. D. Box, of West Columbia, and Mrs. W. W. Morrow, of Houston, were present at 1410 Dart street, from which they saw the collision. That they would testify appellee's truck cut the corner sharp (i. e., the intersection of Houston avenue and Dart street) going at the speed of about 35 miles per hour; and they would further have testified that Mr. and Mrs. Felix Cleveland, who had given favorable testimony for appellee, and who had testified they had seen the collision from the porch on the house at 1410 Dart street, were not there. Appellant in his motion for a new trial set forth that he had no knowledge that these newly discovered witnesses had any knowledge of the accident until after the trial, and that their evidence would probably have resulted in a verdict and judgment for appellant. He further alleged that he had used due diligence to find witnesses to the accident. Mrs. Morrow's testimony on the hearing held on the motion for a new trial was to the effect that at the time of the accident she lived at 1410 Dart street, saw the truck cut the corner at a speed of 35 miles an hour, and saw no signal given by the driver; that Mrs. Box, then of Pearland, was visiting her, and was on the porch at the time. That she knew Mr. and Mrs. Cleveland (who, we infer, were her boarders at 1410 Dart street at the time), and that neither of them was present there at the time. That she moved away from that address in March, 1935 (the collision having occurred January 15, 1935). That she only learned a week after the trial that her landlord's (Mrs. Grimes) daughter (who was also appellant's wife) had been in the accident which she had thus witnessed, when she went to pay rent. The evidence of Mrs. Box was cumulative of the evidence of Mrs. Morrow. The testimony of appellant was that he canvassed the houses at Houston avenue and Dart street a few days after the accident and did not find either Mrs. Morrow or Mrs. Box.

It is pointed out by appellee that the detailed diligence, proved at the hearing of the motion for new trial, used to locate the witnesses near the accident, was only that to be deduced from the testimony of appellant. His testimony was that shortly after the collision he went to at least four places in the neighborhood and made inquiry about it, but found no one who had actually seen it. When called on to enumerate the places he went to make inquiry, he named the Oleander Cleaners, and then a place cater-cornered across the street from a filling station, also a rooming house right next to the Gulf Filling Station, and the Gulf Filling Station. The evidence otherwise discloses that the Clevelands, who testified for appellee, lived at the same address as did Mrs. Morrow, at 1410 Dart street, and it was the second house behind the Gulf Filling Station located at Houston and Dart.

The rult is stated in 31 Texas Jurisprudence, page 95 et seq., "a new trial for newly discovered evidence will not be granted unless diligence to procure the testimony for use in the former trial was exercised," and "the burden is on the movant to show that he exercised the required diligence." See Gulf, C. & S. F. Ry. Co. v. Blanchard, Tex.Civ.App., 73 S.W. 88; Texas Employers' Insurance Association v. Manley, Tex.Civ.App., 63 S.W.2d 728; Smith v. Seymore, Tex.Civ.App., 59 S.W. 816, 817. In the last-cited case, this court, speaking through Judge Pleasants, said: "Motions for a new trial on the ground of newly-discovered evidence are addressed largely to the discretion of the trial court, and the judgment of such court will not be reversed on appeal unless it shall appear that such discretion was not exercised according to the rules and principles of law." (Citing authorities.)

In the case just quoted from the newly discovered evidence was of either a cumulative or impeaching character, and is therefore directly in point here. The evidence of Mrs. Morrow and Mrs. Box (except to the effect that the Clevelands were not present at 1410 Dart, as they had testified) was cumulative of the evidence given for appellant on the trial. In so far as it bore on the question of the presence of the Clevelands at 1410 Dart, it was of an impeaching character. We do not mean for it to be understood that a case might not arise in which it would be an abuse of discretion in the trial court not to grant a new trial on account of the discovery of new evidence which impeaches or contradicts witnesses who have testified at the

trial; but this is clearly not such a case. It was not an abuse of his discretion for the trial court to have concluded that, had appellant exercised reasonable diligence in making inquiry in the neighborhood of the accident, the evidence of Mrs. Morrow and Mrs. Box would have been discovered before the case was tried.

Judgment of the trial court will be affirmed.

Affirmed.

PLEASANTS, C.J., absent.