**EMPLOYEES LLOYDS et al. v. SCHOTT.**

No. 13560.

Court of Civil Appeals of Texas. Dallas.

Sept. 22, 1944.

Rehearing Denied Oct. 20, 1944.

Touchstone, Wight, Gormley & Touchstone, of Dallas, for appellants.

Clifford Craig, of Dallas, for appellee.

YOUNG, Justice.

Appellee's workman's compensation suit, upon jury trial and verdict, resulted in judgment for total and permanent disability, payable in one lump sum, from which the employer's carrier of insurance (appellants) have seasonably appealed.

Concerning the character of his injuries and how sustained, appellee alleged that, on or about May 30, 1942, he was pursuing his regular duties as an employee of Gifford-Hill Pipe Line Company in lifting sacks of cement from flooring where they were stacked, to a concrete mixer; and, while in the act of lifting said sack and sacks of cement, " * * * he severely strained his back, right shoulder and right arm, causing all of the muscles, ligaments, tendons, tissues and nerves in his back, right shoulder, arm and hand and all parts thereof and radiating thereto and therefrom to become torn loose, contused, bruised, lacerated, and sprained, and to cause among other things, to be alleged hereinafter, an atrophy and giving away of the muscles to the aforesaid parts of his body, * * *."

Following general denial, appellants specially pled that whatever injuries plaintiff sustained at the time and occasion in question were and are confined solely to his right hand; (or alternatively) to the right arm below the elbow; or to the right arm; or were solely the result of natural causes;

and that such injuries were and are temporary and partial. Upon assertion of claim, appellants paid compensation to Schott for thirty-seven weeks, at $16.75 per week, a total of $619.75, which was credited on the lump sum total of $5,822.90.

Jury issues and answers were, in substance: (1) That plaintiff, James E. Schott, sustained personal injuries on or about May 30, 1942, same being accidental and suffered while an employee and in course of employment with Gifford-Hill Pipe Line Company; (2) that total incapacity resulted from said injuries, beginning June 29, 1942, which described condition was permanent; (3) that the injuries sustained by Schott on May 30, 1942, were not confined solely to his right arm below the elbow, nor to his right arm at or above the elbow; (4) that the physical incapacity in question was not due solely to natural causes; (5) that plaintiff has not refused employment reasonably suited to his incapacity and physical condition, procured for him in the locality of his alleged injuries; (6) that plaintiff has not sustained partial incapacity as a result of aforesaid injuries; (7) Schott's total incapacity to work as a result of the claimed injuries was not temporary, his physical incapacity to work in the future not being due to natural causes.

Appellants' first point is to the effect that, in this, a compensation case, where claimant is seeking to recover for a general injury, the insurer contending that the injury is confined solely to the arm, the evidence being in dispute, claimant's burden was to secure a finding of general injury; and, in such state of the record, an affirmative jury answer to issue No. 1, viz.: "Do you find from a preponderance of the evidence that plaintiff, James E. Schott, sustained personal injuries on or about the 30th day of May, 1942?", did not determine the existence of a general injury; and the court erred in predicating plaintiff's judgment thereon.

A study of his trial pleading (an excerpt from which is hereinabove quoted) discloses that plaintiff has alleged a general injury, and, as stated in appellants' brief, there was evidence in support of same. In turn, appellants defensively pled that plaintiff's trouble was either confined solely to his arm and hand, a specific injury, or was produced from natural causes; defenses we may assume, that were likewise supported by sufficient evidence. It is now well settled that a claimant seeking com-

pensation recovery under allegations of a general injury, is not required to establish, either separately or collectively, the detail of injuries set out in his petition. "It is sufficient that the jury merely find that the employee sustained an accidental injury to his body." Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280, 284. The sum total of plaintiff's description of injuries suffered on said May 30, 1942, produced, as he alleges, one whole result of total and permanent disability; in which situation the submission of a general issue similar in form to plaintiff's issue No. 1 has been approved. Southern Underwriters v. Parker, Tex.Civ.App., 129 S.W.2d 738, writ refused; Hartford Accident & Indemnity Co. v. Vick, Tex.Civ.App., 155 S.W.2d 664.

Our Supreme Court, in National Mutual Casualty Co. v. Lowery, 136 Tex. 188, 148 S.W.2d 1089, has interpreted Article 8306, Rev.St.1925, compensation law, as dividing injuries arising thereunder into two main classes, general and specific, compensable as general injuries, unless such statute particularly classifies same as the subject of specific compensation. And, in the case at bar, the jury by their answers to defensive issues Nos. 9 to 30 inclusive, having eliminated all claims of specific injury, the remaining issues answered favorably to claimant can be referable only to his allegations and proof of general injury, i. e., to his back, right shoulder, arm, etc.; findings, we think, that expressly authorize the judgment under review. With great earnestness, appellants argue applicability of Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463, 465, where the employee alleged injuries to his leg so severe as to affect other portions of his body, the result being a general injury, for which compensation was sought; the insurer contending that Langley's compensation should be confined to his limb, a specific injury. There, the issue of whether Langley sustained personal injury was held insufficient, the real issue (not submitted) being whether the admitted leg injury extended to and affected other portions of his body; Judge Sharp, in the Supreme Court order of remand, holding in part: "In such a case, where the trauma or injury complained of is to a limb, for which the statute allows specific compensation, and the employee is seeking recovery for a general injury, and the evidence on the issue is in dispute, the burden is on the employee to secure a

finding that other portions of his body were affected."

That the principle just quoted is not applicable to the instant suit is readily observable, for here Schott alleges no arm or hand injury extending to and affecting other parts of his body, but rather a general injury in the beginning, i. e., to his back, shoulder, arms, and hand at one and the same time; and, under plaintiff's form of question (No. 1), aforesaid issue of general bodily injuries was adequately raised. Southern Underwriters v. Boswell, supra.

▮ Appellants next point to error of the trial court in overruling motion for new trial based on his tender of newly discovered evidence. Plaintiff had testified to constant soreness of back and shoulder muscles as a result of his injury and strain, severely limiting his body movement and use of arm, his medical testimony determining the trouble as partial paralysis of the ulnar nerve. The newly discovered evidence came from Mr. and Mrs. Thos. L. Newcomb (neighbors of Schott at all material dates) whose knowledge of certain matters at issue became known to insurers some three weeks after trial and verdict. These new witnesses stated that Schott would remain around his home during daytime, going out at night, dancing and drinking beer until late hours, using his right arm as though nothing was wrong with it; on one occasion, cranking the Newcomb truck upon request with right arm and hand, which spinning of the motor could not have been done except by one having a strong, robust arm; testifying that Schott would work in the yard at night, pumping water with right arm and otherwise engaging in vigorous exercise; of his telling the Newcombs that he refrained from such work in daytime because fearful of being watched by the Insurance Company. Schott denied in material part the statements of these new witnesses, admitting, however, that his attempt to work in and around the house (testified to at the trial) extended to yard watering in cool of evening. Testimony of the Newcombs indicated some hostility toward plaintiff.

As reasons for not earlier interviewing the new witnesses living on same side of street, within some 200 feet, defense witness explained: "I have always found in trying to check up on anyone you suspicion, if you get too close to them and get a friendly neighbor, they are going to

---

---

tip them off and consequently they are going to lay low * * *."

Our review of error in the ruling complained of merely extends to a determination of whether the trial court has abused its discretion in such regard. 31 Tex.Jur., page 90. A motion for new trial, on ground of newly discovered evidence, must be supported by a showing of proper diligence; in which connection the new evidence just outlined is seen to have been as accessible to appellants before judgment as afterward. A new trial must be denied if the same diligence which discovered the evidence subsequent to the trial would have discovered it prior thereto. 31 Tex. Jur., page 98. The trial court has impliedly found that, had appellants exercised reasonable diligence in making neighborhood inquiry, the evidence of Mr. and Mrs. Newcomb would have been forthcoming before the case was tried; and so viewing the testimony, adduced on appellants' motion for new trial, the court's denial thereof was well within its discretion; Texas Employers' Ins. Ass'n v. Manley, Tex.Civ.App., 63 S.W.2d 728; Laborde v. Anizan, Tex.Civ.App., 112 S.W.2d 763; Texas Employers' Ins. Ass'n v. Moser, Tex.Civ.App., 152 S.W.2d 390.

Lastly, the point is made that in a compensation case it was error for the trial court to refuse to permit a medical expert, placed upon the witness stand by the insurance carrier, to testify that he had examined plaintiff at the instance and request of the Industrial Accident Board, "for the reason that the jury is entitled to know what interest, if any, the witness has in the controversy, so that same can be considered in weighing his testimony." Dr. Kindley, the witness, testified that Schott's incapacity was limited to his right arm, with only a 25% defect in that member. He had examined plaintiff upon request of the Industrial Accident Board in April, 1943, but statement of such fact was ruled out. Witness was permitted to answer that his examination was not at the instance of insurer or employee. In Texas Indemnity Ins. Co. v. Arant, Tex.Civ.App., 171 S.W.2d 915, 919, a similar proposition was considered and denied by the Eastland Court in the following statement which we approve: "To show his disinterestedness, this witness was permitted to testify that he had not made such examination at the instance of the Insurer or of the Employer. That, we think, was as much

as the Insurer was entitled to show as a matter of original evidence. The same principle, it seems to us, by which the award of the Board is excluded is applicable to this evidence. In a suit to recover compensation, the issues should be tried wholly uninfluenced by any procedure before, or connected with, the Industrial Accident Board."

All points and assignments of appellants have been thoroughly studied, but are deemed without merit and must be overruled; with consequent affirmance of judgment under review.