TEXAS EMPLOYERS' INSURANCE ASSO-
CIATION, Appellant,

v.

Trevelyn B. TAYLOR, Appellee.

No. 12805.

Court of Civil Appeals of Texas.

San Antonio.

March 3, 1955.

Rehearing Denied March 30, 1955.

Eskridge, Groce & Hebdon, San Antonio, for appellant.

Maverick, Putman & Putman, San Antonio, for appellee.

NORVELL, Justice.

This is a workmen's compensation case in which the insurance carrier has appealed from a judgment awarding appellee the sum of $4,963.08, as and for total partial disability, i. e., 186 weeks of matured payments at the rate of $25 per week, plus interest. In addition to the finding of permanent partial disability, the jury found that the difference between the average weekly wages of appellee before September 13, 1950, the date upon which his injury occurred, and his average weekly wage earning capacity after October 18, 1950, the day he returned to work, was $55 per week. The jury also found that employment reasonably suited to his incapacity and physical condition was not furnished to appellee.

Appellant presents eight points of error which are considered together in one discussion. In this opinion we shall follow the argument rather than attempt to consider each point separately.

Under a heading styled, "Employment Suitable to Incapacity," appellant refers to the jury finding upon the point and asserts that appellant is precluded from recovery by reason of Article 8306, § 12a, Vernon's Ann.Tex.Stats., which provides that:

"If the injured employe refuses employment reasonably suited to his incapacity and physical condition, procured for him in the locality where injured or at a place agreeable to him, he shall not be entitled to compensation during the period of such refusal, unless in the opinion of the board, such refusal is justifiable. This section shall not ap-

ply in cases of specific injuries for which a schedule is fixed by this law."

It appears that appellee was injured on September 13, 1950, and returned to work for his employer, Wright Brothers Electric Company, some five weeks later. For approximately six months thereafter, he did supervisory work from the seat of a truck and then began work as a supervisor on another job. He continued to work for Wright Brothers Electric Company until June 11, 1953, when the employment ended, due to a lack of work rather than dissatisfaction with appellee's services as a supervisor. He afterwards worked as a supervisor for McDonald Brothers Electric Company and for the City of San Antonio. In his various employments he was paid wages at least equal to those he was receiving prior to his injury.

Appellant argues that the job offered to appellee and held by him was suitable to his incapacity and that had he refused the job he would not have been entitled to compensation. It is then asserted as a corollary, that if appellee could not recover compensation if he refused to accept suitable employment, "then he certainly cannot recover compensation when he does accept employment." We are unable to agree with appellant in this last statement. Article 8306, § 12a, applies when "the injured employe refuses employment," and hence is not applicable to the factual situation presented here, wherein the employee has accepted employment. It appears that the issue of a tender of suitable employment is largely immaterial to the decision of this case.

The essential question presented by the appeal is whether or not the evidence shows that appellee suffered a diminution of earning capacity as a result of the injury. This is a case of permanent partial disability and not permanent total disability. Under the issues submitted the jury was not required to find a percentage of disability, but only the amount of decrease in earning capacity stated in dollars and cents. Appellant's contention is that no decrease in earning capacity was shown.

As applicable to this contention, appellant first asserts that the medical testimony will not support a finding of serious bodily injury. Appellee was run over by a truck, suffered a broken clavicle and several broken ribs on the left side, and also sustained a nerve injury to his left elbow. There is dispute in the medical testimony as to whether appellee also suffered a compressed fracture of the first vertebra. One doctor testified as to such fracture and, although this testimony was contradicted by that of other doctors, the matter nevertheless remained one for jury determination. Furthermore, expert testimony as to the extent of an injury is not necessarily conclusive. Texas Employers' Ins. Ass'n v. Rigsby, Tex.Civ.App., 273 S.W.2d 681. Appellee's statement as to his injury and ensuing disability was that he was unable to perform hard physical labor that required lifting or bending. There was testimony of two basic classifications of workmen in the electrical trade, namely, journeymen and apprentices. The work they were called upon to do generally called for manual labor. A journeyman might be placed in charge of a job or a portion thereof as a working foreman, in which position he was expected to work with tools. He might also be designated as a supervisor, in which position he was not expected to perform manual labor. When no position as supervisor is open, the electrician reverts to the position of journeyman or working foreman, if he wishes to keep working. The evidence supports the theory that by reason of his injuries, the appellee was disabled or greatly handicapped in performing the duties of a journeyman electrician or working foreman. He apparently is not physically disqualified from performing supervisory work, as is demonstrated by his employment record since his injury. This does not mean, however, that he has suffered no diminution of earning capacity. Although one may be able to serve in a supervisory capacity at a higher rate of pay, a showing that such positions are not always available nor as common as jobs requiring journeymen and working foremen, will support a finding of partial incapacity. The jury's findings in this case are not

against the overwhelming preponderance of the evidence, as was the situation in Texas Employers' Ins. Ass'n v. Moran, Tex.Civ. App., 261 S.W.2d 855, a case of total and permanent incapacity. Texas Employers' Ins. Ass'n v. Evers, Tex.Civ.App., 242 S.W.2d 906, and the authorities cited therein are deemed controlling here. These cases hold that compensation is paid under the law for a diminution of *earning capacity* and that a recovery for permanent partial disability may be sustained, notwithstanding the fact that the employee may have worked after his injury and for a time received substantially the same wages as were paid to him prior to the injury. The peculiar facts of each case must control the judgment therein, and in view of the considerations above discussed appellee was not barred from recovery under the Act.

The judgment of the trial court is affirmed.